Mr. Justice Johnson.
I concur in the opinion delivered in this cause, and the rather, because I think it overturns the report of the decision in the case -of Thelluson vs. Smith. It would be vain, to en-deavour to reconcile this decision, with that, which is imputed to the case referred to.
■ This was nothing in its origin but a mortgage to the Atlantic Insurance Company; and a mortgage of amere right, a metaphysical, .transitory thing, over which th'e act of the party cotild not operate more immediately, or more forcibly, than a judgment upon land under the laws of Pennsylvania.
But I avail myself of this 'occasion, and I have long wished for an opportunity, to put on record some remarks jxpon the report of the case of Thelluson vs. Smith. I have -never acknowledged its authority in my Circuit, on the point supposed to be decided by it; to wit, the precedence of the. debt of the United States, as to a previous judgment, in the case of a general assigmnent;'zxíá I propose now to show, what I think anyone may' see by, a close inspection of the facts, even as stated in the report, to wit, that the question there supposed to be decided, really never was raised by the special verdict. It is true, it was argued, and no other question, judging from, the report. *452 was argued. But, when the Court came to inspect the record, it must have seen that the special verdict did not raise the question, as between the parties to that suit. And, moreover, I find that the reporter .has omitted one very material'.fact found in the special verdict;, which was, that the United States had.no interest in the issue, since their judgment had been voluntarily paid off by the assignees of Crammond the bankrupt. I copy the special verdict entered from the original roli, which I .have inspected at the present term.
The jury found, “ that on the 22d of May 1805, William Cram-mond of Philadelphia merchant, stood indebted to the United States in several bonds for duties, as follows: — (describing the bonds all of which were due after the date of the assignment) On the respective bonds suits were brought, judgments' entered, executions issued, and a sale made of a certain real estate called Sedgely, the property of William Crammond, and the proceeds thence arising came to the hands of the defendant John Smith marshal of Pennsylvania district, from whom it is claimed by the plaintiffs (who we) creditors of the said William Crammond on the following grounds: — A suit was instituted by the plaintiffs, in the Circuit Court of the United States for the district of Pennsylvania, against the said William Crammond, as of October Sessions 1802, and a judgment in the said siiit, in favour of the plaintiffs, and against- the said Cram-mond, was obtained for 32,253 dollars, on the 20th of May 1805. • On the 22d of May 1805, the said William Crammond was insolvent,. and had not sufficient property to pay all his debts. But his insolvency was not a matter of general notoriety. On the' 22d day of the said month, the said William Crammond executed a general assignment of his estate and effect's, bearing date the same day and year, and delivered it to the assignees therein named (prout assignment,;) being on the said 22d of- May, unable to satisfy all his dgbts. The moneys in the hands of the defendants, are claimed by the assignees under the said assignment, who have satisfied the United States the amount of the debts due the United States. If upon the whole matter,” See., in the usual alternative form of a special verdict.
Judgment below was rendered for defendant, and it is impossible it.could have been otherwise; but not, as I. conceive, upon the ground stated, since it is one which the verdict does-not raise. It Is true, the question was- argued, but adjudications are not to have their effect from the questions argued, and the views taken by counsel in their points or briefs. There is a sensible rule laid down on this subject, in a book of grave authority, and the truth of which this Court has had occásion to verify not unfrequently; the purport of which is, that counsel ought not to “ move any thing in arrest of judgment, ex *453 cept the roll wherein the judgment is entered, or the postea, be in Court, 22 Cas. B. B., and the reason assigned is, that the Court may be satisfied that the matter moved’ in arrest of judgment is truly recited from the record; for the Court will not rely upon the allegation of counsel at the bar.”
' It often happens, after the most protracted discussions, that the Court differ from counsel in their views of the questions actually raised on the record, and on grounds which have not been argued.
In the case of Thelluson vs. Smith, I hold it to be incontrovertible, that the question of priority could not have been adjudicated upon, on the verdict, as set out -in the record.
The special verdict does not give thadate of the .levy, and sale by the marshal, under the judgment by the United States; but as all .Crammond’s bonds to the United States fell due after the date of the assignment; it follows that the judgment, and necessarily all proceedings under it, were subsequent to the execution of that deed. The land levied on, therefore, had passed out of Crammond before the judgment of the United States was obtained, ahd of consequence the levy and sale under their execution, was a mere - nullity. Could this furnish the ground of an'action for money had and received by the Thellu-sons, in right of a judgment prior to the consignment, against Smith the marshal? It obviously could not.'- For as against the Thellusons’ rights, whatever they were, nothing had passed. The purchaser of the lands at marshal’s sale, who had received nothing for the money, might have brought'sucb an action against the marshal; and the assignees might have sued for and recovered, the land; in which case it woiild ¡nave been held by them, as before, subject to-.Thelluson’s judgment. But as between Thelluson and the marshal, there was no privity of action. And this was the true ground for rendering the judgment of this Court, in the suit against the marshal.
- It is true the special verdict introduces the assignees .into the cause; -as claiming the money raised by the marshal, on the supposition,, that after satisfying the United States, they succeeded to the priority of the United States. But suppose this, recovery had been had against Smith, what was there to prevent the assignees from going on at law, to recover the land of the vendee? They were no parties to the record,- and there is nothing in the pleadings, or the verdict, to show that they had intervened, or had. a right to intervene in the name of the United States. They could not maintain a right to succeed to the United States, under the provisions of the 65th section of the Act of 1799, 3 vol. p. 197; because* that right, is extended only to sureties upon the bond. If they had acquired any right as against the Thellusons, it was a mere general equity, which *454 could only have been asserted in a Court of Equity. At law, in this indirect mode, it could not have been asserted, if it Gould have availed them at all.
I, at least, would have it understood that I concurred in the judgment in the case of Thellusonus. Smith, on no other ground than the want of privity between the parties. Nor can I acknowledge it as authority to any other point; since the United States were satisfied, and the assignees could not be regarded in any view, at law, as succeeding ■ to the priority of the United States, if the United States had priority; and sitice that priority could not come in question, in a-case in which the sale of the land was a mere nullity; as is distinctly-affirmed in the present decision, because the assignment divested all the interest of the insolvent, so as to place it beyond' the action of the fieri fadaé, issuing on the judgment of the United States.

Judgment affirmed, with costs.